**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-2873-RMG <br><br> **This Document relates to:** <br><br> *City of Hialeah, Florida v. 3M Co., et al.*, No. 2:23-cv-01484 <br><br> *City of Tampa, Florida v. 3M Co., et al.*, No. 2:20-cv-01889 <br><br> *State of Alaska v. 3M Co., et al.*, No. 2:21-cv-02804 <br><br> *Commonwealth of Massachusetts v. 3M Co., et al.*, No. 2:22-cv-01649 <br><br> *State of New Hampshire v. 3M Co., et al.*, No. 2:19-cv-02285 <br><br> *Palm Beach County v. 3M Co., et al.*, No. 2:24-cv-06957 <br><br> *Howard County, Maryland v. 3M Co., et al.*, No. 2:23-cv-02463 <br><br> *City of Monroe v. 3M Co., et al.*, No. 2:21-cv-2464 <br><br> *City of Shreveport v. 3M Co., et al.*, No. 2:22-cv-04516 <br><br> *Town of Oxford, Indiana v. 3M Co., et al.*, No. 2:24-cv-01577 |

**DEFENSE CO-LEAD COUNSEL'S MOTION TO COMPEL PLAINTIFFS TO DESIGNATE A RULE 30(B)(6) WITNESS FOR EACH CMO 32 PRODUCT ID SITE**

Pursuant to Rule 37(a)(3)(B)(ii), the Defense Co-Leads move to compel Plaintiffs in the twelve CMO 32 Product ID sites to designate and produce for deposition a suitable witness or witnesses under Rule 30(b)(6) to identify the AFFF products used at each site. Such Rule 30(b)(6)

depositions—rather than piecemeal fact witness depositions—are the only way to fulfill the understanding regarding product identification that the Court directed the parties to achieve through this CMO 32 process.

## BACKGROUND

CMO 32 arose out of the Court's direction at the November 1, 2024 status conference, after the PEC reached settlements with Tyco/Chemguard and BASF and decided not to pursue claims against additional telomer defendants in the *Watertown* and *Southeast Morris* water provider cases for whom "product identification was not possible." ECF No. 6335(11/1/24 CMC) at 5:13-14. The Court directed the parties to identify a set of locations where AFFF was used, such as airports and fire training centers—because the operators of those sites would more likely have information as to what particular AFFF products were used at those locations and when—and then engage in a period of focused product identification discovery.

As the Court explained: "after we work out a pool and we do the robust product ID discovery, if certain defendants don't show up, I expect the plaintiffs to get rid of them. Period. Get them out." *Id.* 17:23-18:2. And the Court asked for the parties to "report their findings and conclusions regarding product identification to the Court" at the end of this CMO 32 process. ECF No. 6341 (Order Regarding PID) at 2.

Under the CMO 32 that followed, the parties were permitted to serve a limited set of RFPs and interrogatories limited specifically to product identification issues. ECF No. 657. Additionally, Defendants were permitted to take "up to two (2) case-specific depositions for each Plaintiff for a Real Property Product ID Site." *Id.* at 5. The parties were to have until October 1,

2

2025 (six months from the Court's April 1, 2025 order approving the twelve PID sites) to complete the product identification discovery. *See id.*; ECF No. 6892 (4/1/25 Order).[1]

Consistent with CMO 32, the parties have engaged in written and document discovery for the past several months. In early August, the parties also began discussions regarding depositions, including active discussions of Rule 30(b)(6) depositions to be noticed by Defendants. Consistent with those discussions, Defendants began serving notices of deposition on August 26, 2025. *See, e.g.*, Ex. A (Cold Bay Rule 30(b)(6) Notice). The notices are materially identical across all twelve sites and include only seven topics, all narrowly focused on product identification. *See* Exs. A-L (Rule 30(b)(6) Notices for all Sites).

Certain Plaintiffs objected to providing Rule 30(b)(6) testimony, arguing that only depositions of individual fact witnesses should be permitted. Other Plaintiffs continued to consider the issue, including up until last week. *See* Ex. M-O (email exchanges with Plaintiffs' counsel for City of Monroe, Palm Beach County, and City of Hialeah). The PEC and Defense Co-Leads also had several meet-and-confers to determine whether the parties could reach a compromise on this issue including and up until September 19, 2025. Unfortunately, the parties reached an impasse and Court intervention is now required.

**ARGUMENT**

Defendants properly served notices of deposition pursuant to Rule 30(b)(6) weeks ago that stated "with reasonable particularity the matters for examination." *See* Exs. A-L. Plaintiffs have not taken issue with any of the particular topics noticed. Instead, they flatly refuse to produce a Rule 30(b)(6) witness under any circumstances—no matter the topics and no matter any procedural

---

[1] These discovery limitations apply only to this limited CMO 32 product identification phase. Of course, if there were further proceedings related to these cases, additional discovery and depositions will be warranted.

3

or other guardrails on which the parties might otherwise agree. Such a blanket refusal to engage in the discovery process cannot be permitted. Defendants are willing to work with Plaintiffs to schedule these depositions after the October 1, 2025 deadline and/or to reach agreement on a reasonable extension, but the Rule 30(b)(6) testimony is necessary to achieve the ends of CMO 32: an understanding of whether there is product identification as to each of the defendants in the CMO 32 cases

**I.      Rule 30(b)(6) Depositions Best Serve the Purposes of CMO 32**

A Rule 30(b)(6) deposition is the most efficient and sensible way to achieve the goals of CMO 32. Given the limited timeframe for discovery and the particular focus only on product identification discovery, Rule 30(b)(6) depositions permit the parties to have a more fulsome and complete understanding of Plaintiffs' knowledge (or lack thereof) as to product identification than taking multiple individual fact depositions would allow. Moreover, given the goals of CMO 32, and Plaintiffs' exclusive access to product identification information as to which AFFF products were used at each site, Rule 30(b)(6) depositions are the best means of ensuring that information is assembled and discoverable by Defendants. Conversely, limiting Defendants to only depositions of individual fact witnesses, as Plaintiffs suggest, is unworkable and unfair for three reasons:

*First*, a Rule 30(b)(6) deposition is the best and only reasonable way to obtain meaningfully complete information necessary to comply with CMO 32. For example, certain plaintiffs have, to date, identified little more than a brand name (such as "3M" or "Ansul" or "National Foam") or a very broad type of AFFF (such as "3%") used at a particular site. That type of information could describe scores of products used across decades, which had different formulations incorporating different fluorinated substances produced by different component chemical manufacturers over different time periods.

4

Simply saying "Ansulite" or "Chemguard" or "Buckeye" AFFF was used is not sufficient for the identification of defendants beyond those three manufacturers. For example, whether the surfactants were manufactured by Dupont, Ciba, Dynax, or another party turns on whether the "Ansulite AFFF" was "AFC-5" or "DC-3" or "A364" or some other specific Ansulite AFFF product. And likewise, the year that a particular product was manufactured can change the answer as to which surfactant suppliers were used—for example, the surfactants in Ansulite AFC-5A were different in 1985 versus 2015.

As Plaintiffs concede, the individual firefighter witnesses who actually used the foam might only be able to identify the *brand* of foam (e.g., "Ansulite"), but not the specific *product* (e.g., "AFC-5A"). But it may be the case that the broader Plaintiff entity, through records or other knowledge, does have additional information regarding the specific products at issue. Thus, a Rule 30(b)(6) deposition allows Defendants to obtain the full picture regarding the breadth (or limitations) of Plaintiffs' product identification knowledge—precisely what the Court intended for this CMO 32 process. And if it is in fact the case that *none* of a Plaintiff's employees have specific information about whether certain AFFF products were used or their time period of use, that too is highly relevant and should be disclosed during the product identification process via a Rule 30(b)(6) deposition.

*Second*, CMO 32 limits Defendants to two case-specific depositions per site. Even if a collection of individual fact witnesses for a specific Plaintiff could, in combination, provide complete product identification information, several of the CMO 32 Plaintiffs have identified more than two witnesses with relevant knowledge in their interrogatory responses—sometimes significantly more. For example, the State of Massachusetts identified eleven individuals with knowledge of AFFF purchased by, received, used, stored or disposed at the Site. The State of New

5

Hampshire identified fifteen. If Defendants were permitted to take only two of those eleven or fifteen witnesses, there would be no assurance that Defendants had the full product identification picture for the site.

*Finally*, even if CMO 32 were amended to allow an unlimited number of case-specific fact depositions, forcing Defendants to take depositions of multiple relevant witnesses would impose tremendous burden on both sides—particularly across all twelve CMO 32 sites—and would not be workable in the six-month discovery timeframe set to end on October 1. There is no need to impose such a burden on the parties and the witnesses themselves. And that is especially true given that, as explained above, fact witness testimony is insufficient to meet the Court's goals in CMO 32.

## II.     Plaintiffs' Arguments Against a Rule 30(b)(6) Deposition and Their Proposed Compromise Are Unworkable

### A.     A Rule 30(b)(6) Witness Should Have the Relevant Knowledge—So Long as Plaintiffs Adhere to Their Discovery Obligations

Plaintiffs suggested during the meet-and-confer process that any corporate representative they designated would not have knowledge about the type of AFFF that was used and would simply testify that Defendants needed to speak with the individual firefighters employed by Plaintiff. But that would only be true if Plaintiffs failed to comply with their obligations under Rule 30(b)(6) to fully prepare the designated Rule 30(b)(6) witness. If prepared properly, the representative would speak with Plaintiff's other employees, including the firefighters, to obtain their relevant knowledge, and then testify to that collective knowledge of the organization. *See, e.g.*, *Tarokh v. Wal-Mart Stores E., LP*, 342 F.R.D. 383, 386 n.3 (D.S.C. 2022) (discussing well-established duty to prepare 30(b)(6) witness). And, of course, Plaintiffs are free to designate the firefighters themselves as their representative for some or all of the topics at issue if they prefer. In short, the

6

concerns identified by Plaintiffs arise only if they fail to uphold their obligation to properly prepare their designee(s).

### B.     CMO 32 Does Not Prohibit Rule 30(b)(6) Depositions of Plaintiffs

Plaintiffs have argued that, under CMO 32, they are permitted to take a Rule 30(b)(6) deposition of Defendants but Defendants cannot take a Rule 30(b)(6) deposition of them. That makes no sense. Nowhere does CMO 32 say Defendants cannot take Rule 30(b)(6) depositions or that they are limited to Rule 30(b)(1) fact depositions. Instead, CMO 32 states that "Defendants shall be entitled to up to two (2) case-specific depositions for each Plaintiff for a Real Property Product ID Site." ECF No. 6571 at 5. Far from limiting the discovery devices available to Defendants, this language sets a reasonable scope on this limited-purpose discovery and gives Defendants the flexibility to deal with the reality that certain Plaintiffs have two separate CMO 32 sites at issue. For example, Plaintiff State of Alaska has one CMO 32 site located in Deadhorse, AK and another located in Cold Bay, AK. Thus, Defendants are entitled to a deposition as to Cold Bay and one as to Deadhorse, whether—at Defendants' election—of a Rule 30(b)(6) witness (as is logical for the reasons explained above) or an individual fact witness.

Plaintiffs have argued that CMO 32's specific limitation on *Plaintiffs* to one Rule 30(b)(6) deposition of each Defendant somehow implies the converse, that *Defendants* cannot take such a deposition. That was never the intent of CMO 32, and CMO 32 does not state or imply as much. Instead, Defendants negotiated that limitation because, unlike each of the Plaintiffs involved in these sites, Defendants have already gone through dozens of fact witness depositions. Therefore, Defendants bargained for and obtained an agreement that there would be only one Rule 30(b)(6) deposition of each Defendant (covering all twelve sites).[2] That express protection for Defendants

---

[2] When the parties reached an impasse on the deposition issue, Plaintiffs stated that they would demand Defendants' Rule 30(b)(6) designees sit for twelve days total. But by its express terms,

does not silently impose a converse limitation on the types of depositions available to Defendants regarding sites as to which there has been *no* discovery prior to this process.

    **C.    Plaintiffs' Proposed Compromise Leaves Open Critical Product Identification Questions**

In the time since Defendants served their deposition notices, the parties have engaged in extensive discussions attempting to resolve the issue, and Plaintiffs proposed a stipulation that attempted to address Defendants' concerns with forgoing a Rule 30(b)(6) deposition at this stage. Unfortunately, that proposal was not workable.

Specifically, Plaintiffs' proposal was that any Plaintiff would be precluded from identifying additional *brands* of AFFF after the close of this CMO 32 discovery process. But Plaintiffs would be permitted at later stages (if any) to identify additional specific *products* within each brand or alter or add alleged *time periods* that specific brands or products were used. As explained above, that is unworkable given the purposes of CMO 32. Simply confirming at this stage whether the AFFF involved was "Ansulite," "Universal Gold," and/or "Buckeye" would offer no meaningful answers as to the question of whether there is or is not product identification for the component manufacturers or even an upstream AFFF manufacturer. And it does not fairly put the AFFF manufacturers (or the component manufacturers) on notice as to what products may be at issue at each of these sites. And, indeed, that seems to be Plaintiffs' strategy here. By limiting the scope of these depositions to witnesses' personal knowledge, Plaintiffs retain the ability to argue that some other evidence of product identification could still exist and, therefore, dismissal

---

CMO 32 does not permit such conduct: "Plaintiffs shall be entitled to take one Rule 30(b)(6) deposition of each Defendant named in the Real Property Product ID Site cases, unless a defendant designates multiple witnesses." ECF No. 6571 ¶ B.1.b(i). That one deposition cannot fairly be stretched over twelve days.

of any defendants would be premature. As explained above, such a compromise would defeat the purpose of CMO 32 and is therefore unworkable.

### D. Plaintiffs Rejected Defendants' Attempt to Address Plaintiffs' Concerns.

Finally, Plaintiffs' only objection to the Rule 30(b)(6) process (aside from vague protestations regarding burden) was that Defendants would use the Rule 30(b)(6) depositions to range beyond the topics noticed or the sites at issue. But Defendants offered to put in place reasonable guardrails to prevent either eventuality, up to and including an agreement that Plaintiffs could instruct a witness not to answer questions that concerned sites other than the CMO 32 sites or went beyond the noticed scope of these depositions. Although Plaintiffs rejected this proposal, Defendants made clear that, notwithstanding the parties' impasse, the offer remains open.

## CONCLUSION

For the reasons set forth above, Plaintiffs should be compelled to, for each site, produce one or more Rule 30(b)(6) deponents who have been fully prepared on the noticed topics. Defendants remain willing to provide Plaintiffs with additional time to prepare, including taking the depositions after the October 1, 2025, deadline or agreeing to otherwise extend that deadline. But Plaintiffs should not be permitted wholesale to refuse to honor their discovery obligations. The Rule 30(b)(6) discovery tool is the most efficient and effective way to achieve the Court's purpose under CMO 32, and Defendants' motion should be granted.

## CERTIFICATION OF COUNSEL

Pursuant to Local Rule 7.02, counsel for Defendants have conferred with counsel for Plaintiffs in an attempt in good faith to resolve the matters contained in the motion. Counsel for Plaintiffs oppose the relief sought here.

Dated: September 22, 2025

    Respectfully submitted,

| /s/ *Joseph G. Petrosinelli* | */s/Amanda S. Kitts* |
|---|---|
| Joseph G. Petrosinelli | Amanda S. Kitts |
| Williams & Connolly LLP | Nelson Mullins Riley & Scarborough LLP |
| 680 Maine Ave., S.W. | 1320 Main Street, 17th Floor |
| Washington, DC 20024 | Columbia, SC 29201 |
| P: (202) 434-5547 | P: (803) 255-9594 |
| F: (202) 434-5029 | F: (803) 256-7500 |
| jpetrosinelli@wc.com | amanda.kitts@nelsonmullins.com |
| | |
| Daniel L. Ring | Brian Duffy |
| Jenner & Block LLP | Duffy & Young LLC |
| 353 N. Clark St. | 96 Broad Street |
| Chicago, IL 60654 | Charleston, SC 29401 |
| P: (312) 923-2625 | P: (843) 720-2044 |
| F: (312) 527-0484 | F: (843) 720-2047 |
| dring@jenner.com | bduffy@duffyandyoung.com |
| | |
| *Co-lead Counsel for Defendants* | *Co-liaison Counsel for Defendants* |

**CERTIFICATE OF SERVICE**

    I, Amanda S. Kitts, hereby certify that on September 22, 2025, I caused a true and correct copy of the foregoing document to be filed via the Court's Electronic Case Filing (ECF) system, which will send a notification to all counsel of record:


Dated: September 22, 2025                            */s/ Amanda S. Kitts*